**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

KINSALE INSURANCE COMPANY,

Plaintiff,

v. CASE NO:

HB RUBICON, LLC, a Florida limited liability company, CAROL RAY, individually, and as personal representative of the Estate of WILLIAM RAY,

Defendants.
__________________________________/

## COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

KINSALE INSURANCE COMPANY ("Kinsale") files suit against HB RUBICON, LLC ("HB Rubicon"), CAROL RAY, individually, and as personal representative of the Estate of WILLIAM RAY (the "Estate"), and alleges:

## NATURE OF ACTION

1. This is an action for damages and declaratory relief under 28 U.S.C. § 2201 to determine there is no coverage for claims arising out of the death of a patient who resided at the Named Insured's premises under a policy that includes an Injury to Patient or Resident Exclusion, among others.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs.

3. Venue is proper in this district because the incident occurred in this district, the underlying lawsuit is pending in this district, the insurance policy was issued in this district, and otherwise, a "substantial part of the events … giving rise to the claim occurred in this district." *See* 28 U.S.C. § 1391(b)(2).

4. All conditions precedent occurred, have been performed, or were waived.

## THE PARTIES

5. Kinsale is an Arkansas corporation with its principal place of business in Virginia. Kinsale is accordingly a citizen of Arkansas and Virginia. For purposes of this action, Kinsale is a surplus lines insurer that issued a liability policy to HB Rubicon.

6. HB Rubicon is a Florida limited liability company. HB Rubicon's members are Mary A. Burnard and Harry Burnard III who are domiciled in Pasco County, Florida so HB Rubicon is a citizen of Florida.

7. Carol Ray is domiciled in Pasco County, Florida. Ray is accordingly a citizen of Florida.

8. Carol Ray is also the personal representative of the Estate of William Ray, who was domiciled in Pasco County, Florida, at the time of his death. The Estate is accordingly a citizen of Florida.

**THE INCIDENT**

9. On 05/19/2026, Carol Ray, individually and as the personal representative of the Estate, filed suit against HB Rubicon and others in circuit court in Pasco County, Florida, in a lawsuit styled *Carol Ray et al. v. Wellness Center of Trinity, LLC d/b/a The Waverly Assisted Living & Memory Care, et al.*, Case Number 2026-CA-001698. (*See* Complaint, which is attached as Exhibit "A.")

10. According to the complaint, HB Rubicon rented an assisted living facility to Wellness Center of Trinity, LLC ("The Waverly"), the facility operator. (*Id*. at ¶ 35.)

11. The complaint alleges HB Rubicon knew The Waverly would be housing vulnerable adults and, therefore, assumed additional duties to patients. (*Id.* ¶¶ 34, 36.)

12. William Ray was an "in-patient resident" at The Waverly. (*Id*. at ¶ 10.)

13. According to the complaint, Ray was a vulnerable patient, suffering from dementia, confusion, and significant cognitive impairments. (*Id*. at ¶ 2.) Ray had a documented propensity to wander, including into areas he was not permitted to enter. (*Id.* at ¶ 51.)

14. On 09/26/2025, Ray wandered unattended throughout the facility, gained access to an allegedly unlocked kitchen and walk-in freezer and became trapped inside, and suffered severe hypothermia. (*Id.* at ¶¶ 3, 53-59.)

15. HB Rubicon breached the duties it owed to its "elderly residents … including Ray" by, among other things, failing to maintain the property in a reasonably safe condition, allowing dangerous conditions to exist on the premises, failing to correct those conditions, and failing to warn residents of the associated dangers. (*Id.* at ¶¶ 93-96.)

16. HB Rubicon also failed to provide Ray with the appropriate "care… assistance, shelter, supervision, and medical services" that were essential for Ray's wellbeing. (*Id.* at ¶ 112.)

17. As a direct and proximate result of the incident, Ray suffered serious bodily injuries, incurred medical expenses, and ultimately died. (*Id.* at ¶ 97.)

**<u>THE KINSALE POLICY</u>**

18. HB Rubicon applied for and purchased a commercial general liability policy as the Named Insured, bearing Policy Number 0100352530-1, and providing coverage on a claims made and reported basis effective from 02/19/2026 to 02/19/2027 (the "Policy"). (*See* Policy, which is attached as Exhibit "B.")

19. Before the Policy was issued and delivered to HB Rubicon, all forms and endorsements were disclosed to HB Rubicon in a Quote. (*See* Quote, which is attached as Exhibit "C.")

20. Before the Policy was issued and delivered to HB Rubicon, all forms and endorsements were disclosed to HB Rubicon in a Binder. (*See* Binder, which is attached as Exhibit "D.")

21. Kinsale is providing HB Rubicon with a defense in the underlying action under a complete reservation of rights, which HB Rubicon accepted.

**COUNT I – NO COVERAGE UNDER THE INJURY TO PATIENT OR RESIDENT EXCLUSION**

22. Kinsale incorporates paragraphs 1 through 21.

23. The Policy includes an endorsement labeled "EXCLUSION – INJURY TO PATIENT OR RESIDENT" ("Injury to Patient or Resident Exclusion") that provides:

**EXCLUSION – INJURY TO PATIENT OR RESIDENT**

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

| **SCHEDULE** |
|---|
| **Description and Address of Premises:** |
| Medical buildings – Lessor's Risk Only, 9309 Mercy Way, New Port Richey, FL 34655[1] |

The following exclusion is added to this Policy:

This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or other injury or damage arising directly or indirectly out of, related to, or, in any way involving:

1. Your patient or resident;

2. Any patient or resident of the premises shown in the Schedule above; or

3. Any person who is receiving health care or services at a premises shown in the Schedule above, including, but not limited to, while entering or leaving a premises.

(*See* Ex. B at Form CAS3122 1019, Pg. 1/1.)

---

[1] The Policy identifies the premises as "9309 Mercy Way, New Port Richey, FL 34655," while the underlying complaint and Lease Agreement identify the premises as "9309 Mercy Way, Trinity, FL 34655." Despite the discrepancy in the city designation, both addresses refer to the same premises.

24. The Policy includes an endorsement labeled "ADDITIONAL POLICY EXCLUSIONS," which includes a Duty to Defend exclusion that provides: "Where there is no coverage under the Policy, there is no duty to defend." (*Id*. at Form CAS3043 0621, Pg. 2/3.)

25. HB Rubicon was sued over an incident involving Ray, an "in-patient resident." (Ex. A at ¶ 10.) As a direct and proximate result of the incident, Ray suffered "serious bodily injuries," incurred medical expenses, and ultimately died. (*Id*. at ¶ 89.)

26. Accordingly, Kinsale has no duty to defend or pay damages under the Policy's Injury to Patient or Resident Exclusion.

**COUNT II – NO COVERAGE UNDER THE HEALTH CARE PROVIDERS EXCLUSION**

27. Kinsale incorporates paragraphs 1 through 21.

28. The Policy includes an endorsement labeled "EXCLUSION – SERVICES FURNISHED BY HEALTH CARE PROVIDERS" ("Health Care Providers Exclusion") that provides:

**EXCLUSION – SERVICES FURNISHED BY HEALTH CARE PROVIDERS**

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

| **SCHEDULE** |
|---|
| **Description of Operations:** |
| Medical buildings – Lessor's Risk Only |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations |

The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** and **Paragraph 2. Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability**:

With respect to any operation shown in the Schedule, this insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:

**1.** The rendering of or failure to render:

**a.** Medical, surgical, dental, X-ray or nursing service, treatment, advice or instruction, or the related furnishing of food or beverages;

**b.** Any health or therapeutic service, treatment, advice or instruction; or

**c.** Any service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement or personal grooming;

**2.** The furnishing or dispensing of drugs or medical, dental or surgical supplies or appliances; or

**3.** The handling or treatment of dead bodies, including autopsies, organ donation or other procedures.

> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" … involved that which is described in Paragraph **1., 2.** or **3**.

(*See* Ex. B at Form CG2244 0413, Pg. 1/1.)

29. HB Rubicon was sued over its alleged failure to provide appropriate "care… assistance, shelter, supervision, and medical services" to William Ray, a resident patient. (Ex. A at ¶ 112.)

30. Accordingly, Kinsale has no duty to defend or pay damages under the Policy's Health Care Providers Exclusion.

**COUNT III – REIMBURSEMENT OF DEFENSE EXPENSES**

31. Kinsale incorporates paragraphs 1 through 21.

32. In the reservation of rights letter, Kinsale specifically reserved the right to seek reimbursement of attorney's fees and costs incurred by Kinsale defending HB Rubicon. Specifically, Kinsale informed HB Rubicon that Kinsale reserves the right to institute a declaratory judgment action on the issue of coverage under the policy and seek reimbursement of all attorney's fees and costs incurred, if there is a determination of no coverage.

33. Kinsale has been fully funding the defense of HB Rubicon, which HB Rubicon accepted.

34. Since there is no coverage, Kinsale is entitled to reimbursement of all attorneys' fees and costs. *See James River Ins. Co. v. Arlington Pebble Creek, LLC*, 188 F. Supp. 3d 1246, 1261 (N.D. Fla. 2016); *see also Houston Spec. Ins. Co. v. Fenstersheib*, 632 F. Supp. 3d 1318, 1334 (S.D. Fla. 2022) ("Because Houston never had a duty to defend and defended only under a complete reservation of rights that expressly preserved its right to seek reimbursement, Houston is entitled to recoup the defense costs it expended.").

## RELIEF REQUESTED

Kinsale respectfully requests that the Court:

a) Take jurisdiction and adjudicate the rights of the parties under the Policy.

b) Declare the following:

   i. Kinsale has no duty to defend or indemnify HB Rubicon under the Policy's Injury to Patient or Resident Exclusion;

   ii. Kinsale has no duty to defend or indemnify HB Rubicon under the Policy's Health Care Providers Exclusion;

   iii. Kinsale is entitled to reimbursement of attorneys' fees and expenses incurred defending HB Rubicon because there is no coverage under the Policy.

c) Award Kinsale all costs to prosecute this action.

d) Award Kinsale any and all other relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

/s/SERGIO BUENO
**SINA BAHADORAN**
Florida Bar No. 523364
Sina.Bahadoran@clydeco.us
**SERGIO BUENO**
Florida Bar No. 112401
Sergio.Bueno@clydeco.us
**COLSEN CENTNER**
Florida Bar No. 1058625
Colsen.Centner@clydeco.us
Clyde & Co US LLP
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
T: 305.446.2646